**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:16-cv-152-FDW**

| | | |
|---|---|---|
| **MATTHEW WALTER FARMER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **NORA HUNT et al.,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Petitioner Matthew Walter Farmer's pro se

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and "Motion to

Consider Petitioner's 2254 Habeas Petition Timely Filed" (Doc. No. 8).

## I.      BACKGROUND

Petitioner is a prisoner of the State of North Carolina who pled guilty on February 26,

2014, in Catawba County Superior Court, to two counts of possession with intent to

manufacture, sell, or deliver ("PWIMSD") methamphetamine, PWIMSD heroin, PWIMSD

marijuana, two counts of possession of marijuana, possession of methamphetamine, assault on a

female, resisting a public officer, and three counts of attaining habitual felon status.  (Pet. 1, Doc.

No. 1.)[1]  The convictions were consolidated for judgment and Petitioner was given consecutive

sentences of 44 to 65 months and 105 to 138 months imprisonment.  (Pet., supra.)  He did not

file a direct appeal.

---

[1] Citations to the habeas Petition and attached exhibits use page numbers generated by the District Court's electronic filing system.

On May 18, 2016, Petitioner filed a motion for appropriate relief ("MAR") in the Catawba County Superior Court. (Pet. 3.) In the course of its review, the court found a clerical error in one of Petitioner's original judgments. (Order Den. MAR, Doc. No. 1-1 at 14.) The court determined that the error had no actual effect on the original judgment, ordered the clerk to correct the error, and, on June 7, 2016, denied and dismissed Petitioner's MAR on the merits. (Order Den. MAR, supra, at 14-15.)

On July 18, 2016, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his MAR. (Pet. 3.) The petition was denied on August 4, 2016. (Order Den. Cert. Pet., Doc. No. 1-1 at 1.)

Petitioner filed the instant habeas Petition on August 15, 2016, when he signed and placed it in the prison mailing system. (Pet. 14.) He raises the following claims: 1) his guilty plea was involuntary and unintelligent because his trial attorney told him, incorrectly, that he would receive a single judgment with a sentence at the bottom of the mitigated range; 2) his habitual felon indictment was facially defective; 3) he was treated differently from other defendants who had attained habitual felon status in violation of the Equal Protection Clause; 4) his sentence was grossly disproportionate under the Eighth Amendment; and 5) trial counsel was ineffective for failing to investigate "all the elements of the crime, including the Habitual Felon Indictments which are facially defective" (Pet. 10). The Petition was docketed in the United States District Court for the Eastern District of North Carolina on August 19, 2016. That court transferred the action to this Court, where venue is proper, on August 23, 2016.

After conducting an initial review of the Petition and attached documents, the Court notified Petitioner that the Petition appeared to be untimely under 28 U.S.C. § 2244(d)(1)(A) and provided him an opportunity to explain why the Petition should not be dismissed as such. (Doc.

No. 7.)  By way of response, Petitioner filed the instant "Motion to Consider Petitioner's 2254 Habeas Petition Timely Filed." (Doc. No. 8.)

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.  In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d).  Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue.  Id. at 706–707.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The limitations period is tolled during the pendency of a properly filed state post-

conviction action.  28 U.S.C. § 2244(d)(2).

**A.  28 U.S.C. § 2244(d)(1)(A)**

Petitioner contends that his statute of limitations did not begin to run under §

2244(d)(1)(A) until after June 14, 2016, the date on which the trial court amended the judgment

in one of his cases.  (Mot. 3-4, Doc. No. 8.)  Petitioner is mistaken.

Judgment was entered in this case on February 26, 2014, when Petitioner was sentenced.

To the extent he retained the right to a direct appeal subsequent to his guilty plea, Petitioner had

14 days to file a notice of appeal in the North Carolina Court of Appeals.  See N.C. R. App. P.

4(a)(2).  Because he did not file a direct appeal (Pet., supra, at 2), Petitioner's conviction became

final on or about March 12, 2014, when the time for seeking direct review expired.  See §

2244(d)(1)(A).  The federal statute of limitations then ran for 365 days until it finally expired on

or about March 12, 2015.

On May 18, 2016, Petitioner filed an MAR in the state trial court.  In its Order denying

that MAR, the trial court stated the following:

> The court has reviewed the judgments entered in this case and it appears that there
> is a clerical error on the judgment entered in 12 CRS 7272.  In that judgment, the
> trial court consolidated all three counts of 12 CRS 7272 (two class I felonies and
> one class 2 misdemeanor) with 12 CRS 1271 - a habitual felon charge.  Although
> defendant was sentenced to a term of imprisonment for a class E felony in that
> judgment (44- 65 months), the habitual felon in file number 12 CRS 7271 is written
> on the judgment as a class D felony.  Defendant's habitual felon enhancement in
> that judgment should have been only a class E enhancement based upon it being
> four classes higher than the class I underlying offense.  Thus, although the judgment
> is a proper class E judgment, and defendant was sentenced as such, the habitual
> felon status is incorrectly listed as a class D, which the courts [sic] determines is
> simply a clerical error which occurred during the preparation of the judgment by
> the clerk.  An amended judgment should be prepared by the clerk correcting this
> clerical error.

(Order Den. MAR, Doc. No. 1-1 at 14.)

The North Carolina Court of Appeals has held that "an error on a judgment form which does not affect the sentence imposed is a clerical error, warranting remand for correction but not requiring resentencing." State v. Bradford, 798 S.E.2d 546, 550 (N.C. Ct. App. 2017) (quoting State v. Gillespie, 771 S.E.2d 785, 790 (N.C. Ct. App.) (citation, quotation marks, and brackets omitted), disc. review denied, 777 S.E.2d 62 (N.C. 2015)). The federal statute of limitations is unaffected by the correction of a clerical error on a judgment. See Woodfolk v. Maynard, 857 F.3d 531, 542 (4th Cir. 2017) ("[F]inality is not delayed if an appellate court disposes of all counts in a judgment of conviction but remands for a ministerial purpose that could not result in a valid second appeal." (quoting United States v. Dodson, 291 F.3d 268, 275 (4th Cir. 2002))); see also Richardson v. Gramley, 998 F.2d 463, 465 (7th Cir.1993) ("A judgment is not final if the appellate court has remanded the case to the lower court for further proceedings, unless the remand is for a purely 'ministerial' purpose, involving no discretion, such as recomputing prejudgment interest according to a set formula.").

Here, the trial court did not enter a new judgment or order that Petitioner be resentenced but merely ordered the clerk to correct a clerical error in the original judgment. (Order Den. MAR, supra, at 14.) Accordingly, the federal statute of limitations was unaffected by the trial court's action, see Woodfolk, 857 F.3d at 542, and the Petition is untimely under § 2244(d)(1)(A).[2]

**B. 28 U.S.C. § 2255(d)(1)(C)**

Petitioner also contends that his Petition is timely under § 2244(d)(1)(C), which provides

_____

[2] Petitioner's reliance on Jimenez v. Quarterman, 555 U.S. 113 (2009), is misplaced. In that case, the Supreme Court held that the reopening of direct appeal through a state collateral review proceeding, before the filing of a federal habeas petition, rendered petitioner's judgment 'not yet final' for purposes of § 2244(d)(1)(A). Id. at 119. The trial court's Order did not grant Petitioner the right to file an out-of-time appeal.

that the statute of limitations begins to run on the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  (Mot., <u>supra</u>, at 4.)  Petitioner does not identify the constitutional right at issue, when the right was recognized by the Supreme Court, or when the right was made retroactively applicable to cases on collateral review.  Instead, he cites the federal Fair Sentencing Act of 2010 ("FSA"), <u>see</u> Pub. L. No. 111-220, 124 Stat. 2372 (2010), which reduced the disparity between federal sentences for trafficking in crack cocaine and powder cocaine, <u>see</u> <u>Dorsey v. United States</u>, 567 U.S. 260, 269 (2012).

The FSA has no bearing on the timeliness of Petitioner's habeas petition for a number of reasons, not the least of which is that the Act applies only to sentences for *federal* drug offenses. Petitioner was convicted and sentenced under state law.  Moreover, the Supreme Court has not held that one or more provisions of the FSA bestows a constitutional right upon any defendants. Accordingly, Petitioner has failed to demonstrate that **§** 2244(d)(1)(C) tolls the statute of limitations start date for one or more of his habeas claims.

### C.  28 U.S.C. § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the statute of limitations begins to run on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Once again, Petitioner does not identify which of his claims would be tolled under this provision.

Petitioner states that his Petition is timely because he has received newly discovered evidence that "were upheld by the State and were obtained through the exercise of due diligence on March 2016."  (Pet. 13.)  According to Petitioner, the substance obtained by Catawba County law enforcement officers during their search of Petitioner and his vehicle "were:  1) NEVER

tested by the [State Bureau of Investigation"]) to determine the precise type of controlled substance, if any, and 2) the controlled substance allegedly recovered by the Law enforcement officers was <u>lost</u> for the purpose of testing, remain lost as of today, and . . . at least one [of the officers involved in the investigations has been] terminated of employment from the Catawba Police Department for upholding and destroying the State's evidence."  (Mot. 5.)

As noted, Petitioner claims that his guilty plea was involuntary and unintelligently made because his trial attorney told him, incorrectly, that he would receive a single judgment with a sentence at the bottom of the mitigated range; that his habitual felon indictment was defective; that he was treated differently from other defendants who had attained habitual felon status in violation of the Equal Protection Clause; and that his sentence was grossly disproportionate under the Eighth Amendment.  The Court finds that the factual predicates for these claims are not related to, or in any way dependent upon, whether the substance obtained by law enforcement was tested or is available for testing.  Nor are they dependent upon whether a law enforcement officer involved in Petitioner's case(s) has since been fired.

Petitioner also claims that "counsel failed to investigate all the elements of the crime, including the Habitual Felon Indictments which are facially defective."  (Pet. 10.)  This claim simply is too conclusory for the Court to determine whether it is related to Petitioner's assertion of "newly discovered evidence."  Petitioner, for example, does not specify whether counsel failed to investigate one or more of the nine crimes to which Petitioner pled guilty, or whether counsel's performance was deficient because he failed to recognize that all three habitual felon indictments, allegedly, were defective.

Furthermore, Petitioner's assertions that the seized substance was never tested by the SBI and lost by law enforcement officials and that an investigating officer had been fired are

themselves conclusory. He has not presented any evidence that even suggests those assertions have a basis in fact. Consequently, Petitioner has failed to demonstrate that § 2244(d)(1)(D) tolls the statute of limitations start date for one or more of his habeas claims.

**D.  Martinez v. Ryan**

Finally, Petitioner appears to believe the Court should consider his ineffective assistance of counsel claims timely under Martinez v. Ryan, 566 U.S. 1 (2012). In Martinez, the Supreme Court held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default [of claims] of ineffective assistance at trial." Id. at 132 S. Ct. at 9. Contrary to Petitioner's assertions, however, Martinez did not guarantee an inmate the right to counsel during post-conviction proceedings.

Additionally, Martinez, did not recognize a new constitutional right or make a new right retroactive in actions for collateral review. See Clark v. Davis, 850 F.3d 770, 784 (5th Cir. 2017) ("Neither Martinez nor Trevino announced a new rule of constitutional law, and neither has been made retroactive to cases on collateral review.") Martinez, therefore, cannot serve to toll the statute of limitations under § 2244(d)(1)(C). Furthermore, "the equitable rule in Martinez 'applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition." Lambrix v. Sec'y, Florida Dep't of Corr., 756 F.3d 1246, 1249 (11th Cir. 2014) (citations omitted). In short, Martinez provides no basis for determining whether a habeas petition is timely.

Finally, even if Martinez could be applied to toll the statute of limitations, that would be of no help to Petitioner, as his judgment was entered almost two years after Martinez was

decided. Thus, § 2244(d)(1)(A) provided Petitioner the latest starting date for his federal statute of limitations.

## IV.    CONCLUSION

The Petition for Writ of Habeas Corpus is untimely under § 2244(d)(1)(A), and Petitioner is not entitled to tolling of the statute of limitations under either statutory or equitable principles.[3] As such, the Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A);

2. The "Motion to Consider Petitioner's § 2254 Habeas Petition Timely Filed" (Doc. No. 8) is **DENIED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

---

[3] Petitioner makes no effort to explain why it took him two and a half years from his conviction to file a federal habeas petition. Thus, the Court need not assess whether the statute of limitations is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010) (Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotation marks omitted))).

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 1, 2017

Frank D. Whitney
Chief United States District Judge